UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven Kadonsky, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-985 (UNA)
)
Eric H. Holder, Jr., )
)
    Defendant. )

FILED
JUN 1 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

Plaintiff is a prisoner at the New Jersey State Prison in Trenton, New Jersey. He alleges that he submitted a "Letter-Petition" to the United States Attorney General in February 2014 "seeking to have marijuana rescheduled from a Schedule I to a Schedule IV controlled substance." Compl. ¶ 5. Plaintiff alleges that the Attorney General "is refusing to follow the requirements of Title 21 U.S.C. §§ 811(a) and 811(b)," and he "seeks injunctive relief against Defendant Holder requiring him to follow federal law." *Id.* Plaintiff claims, among other things, that if the Attorney General followed the law, plaintiff's "draconian life sentence for a minor unpaid role in a marijuana conspiracy would be vacated." *Id.* ¶ 27. He "demands" an order that compels the Attorney General to process his Letter-Petition and to contact the Secretary of the

Department of Health and Human Services "within ten days" to begin the "evaluation and recommendation" process for rescheduling marijuana. *Id.* at 7.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Furthermore, mandamus relief is not available "when review by other means is possible." *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984).

Plaintiff's claim fails for three reasons. First, the Attorney General's decision to reclassify marijuana under the Controlled Substances Act ("CSA") is discretionary. *See U.S. v. Wables*, 731 F.2d 440, 450 (7th Cir. 1984) (holding "that the proper statutory classification of marijuana is an issue that is reserved to the judgment of Congress and to the discretion of the Attorney General").

Second, judicial review for "any person aggrieved by [the Attorney General's] final decision" is available exclusively in the United States Court of Appeals for the District of Columbia Circuit or other circuit courts. 21 U.S.C. § 877; *see Olsen v. Holder*, 610 F. Supp. 2d 985, 995 (S.D. Iowa 2009), quoting *John Doe, Inc. v. Drug Enforcement Admin.*, 484 F.3d 561, 568 (D.C. Cir. 2007) ("21 U.S.C. § 877 vests exclusive jurisdiction in the courts of appeals over '[a]ll final determinations, findings and conclusion' of the DEA applying the CSA."); *John Doe, Inc. v. Gonzalez*, No. 06-966, 2006 WL 1805685, at *18 (D.D.C. June 29, 2006) ("A plain reading of Section 877 indicates that jurisdiction over challenges to the DEA's determinations

under the CSA rests exclusively with the Court of Appeals; indeed, the statute itself provides no other explicit avenue for judicial review and relief.")).

Third, plaintiff has an adequate remedy in habeas to challenge his life sentence in the judicial district where his sentencing court sits or where he is incarcerated. *See* 28 U.S.C. § 2254; *see also Young v. Holder*, No. 13-1044 (D.D.C. Aug. 29, 2013) (dismissing "Federal *Bivens* Civil Suit" challenging Attorney General's alleged refusal to reclassify marijuana under § 811 for same reasons "meriting dismissal of the earlier mandamus action").

For the foregoing reasons, this case will be dismissed for failure to state a claim. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

DATE: May 21st, 2014